# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JESSICA PATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 20-0266 |
| | ) Judge Tapp |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Defendant has insufficient information to admit or deny; and therefore denies.

2. Admit.

3. Admit.

4. Deny. The United States Department of Veterans Affairs Debt Management Center (Debt Management Center) did not seek to collect this debt. The United States Department of Veterans Affairs Acquisition Academy (Acquisition Academy) sought to collect the debt of $11,049.97, but following plaintiff's administrative dispute, suspended all efforts to actively collect it after October 17, 2019.

5. Admit in part and deny in part. Admit that the United States Department of Treasury (Treasury) is an executive department of the United States. Deny that Treasury is currently offsetting Plaintiff's Federal salary and that Debt Management Center sought to collect.

6. The allegations contained in paragraph 6 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admit in part and deny in part. Admit that Plaintiff worked as a student intern for the Department of Veterans Affairs at the Strategic Acquisition Center in Frederick, Maryland. Deny that Plaintiff worked for the remaining Defendants, including Acquisition Academy, Debt Management Center, and Treasury. Plaintiff graduated from the Acquisition Academy on June 26, 2015.

9. Admit in part and deny in part. Defendants Debt Management Center and Treasury are not parties to the continued service agreement.

10. Admit to the extent this language is included in the continued service agreement but deny this is the only relevant language in the CSA.

11. Admit in part and deny in part. Admit that Plaintiff attended training at the Acquisition Academy and worked at the Strategic Acquisition Center. Plaintiff graduated from the Acquisition Academy on June 26, 2015.

12. Admit in part and deny in part. Admit that Plaintiff completed training at the Acquisition Academy and was subsequently employed at the Strategic Acquisition Center, and deny the rest.

13. Defendant has insufficient information to admit or deny; and therefore, denies.

14. Defendant has insufficient information at this time to admit or deny; and therefore, denies.

15. The allegations contained in paragraph 15 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. Deny.

17. Deny.

18. Admits the allegations contained in paragraph 18 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admit in part and deny in part. Defendant has insufficient information to admit or deny with respect to the terms under which Plaintiff left the VA, and therefore, denies in part.

20. Defendant has insufficient information at this time to admit or deny; and therefore, denies. On August 4, 2018, VA mailed written notice of the debt to the last address the plaintiff provided the agency.

21. Admit.

22. Admit.

23. Admit in part and deny in part. Admit that VA mailed a letter to the last address the plaintiff provided that was dated August 4, 2018, and provided a copy to Plaintiff on May 1, 2019. Defendant has insufficient information to admit or deny whether Plaintiff resided at the address where the letter was mailed; and therefore denies in part.

24. Admit in part and deny in part. Admit that VA acknowledged Plaintiff's request for a hearing as reflected in the document cited, which is the best evidence of its contents; otherwise denied.

25. Admit.

26. Defendant incorporates its answers to Paragraphs 1-25 by reference.

27. The allegations contained in paragraph 27 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. Admits the allegations contained in paragraph 28 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

29. The allegation contained in paragraph 29 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

30. Admit in part, deny in part. To date, Treasury has offset $3,959.43 in increments of less than $400 each, and collection was suspended in October 2019. Defendant has insufficient knowledge at this point as to the percentage of Plaintiff's salary that was offset, therefore denies the rest.

31. The allegations contained in paragraph 31 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32. The allegations contained in paragraph 32 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

33. Defendant incorporates its answers to Paragraphs 1-32 by reference.

34. Admit that a centralized offset through the Treasury was employed to deduct monies from the plaintiff's salary, otherwise deny.

35. The allegations contained in paragraph 35 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

36. Admit in part and deny in part. A VA human resources representative signed Plaintiff's SF 75; it was not signed by the Acquisition Academy, the Debt Management Center or Treasury.

37. Deny.

38. Deny.

39. The allegations contained in paragraph 39 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 constitute conclusions of law to which no

answer is required; to the extent they may be deemed allegations of fact, they are denied.

        Respectfully Submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

        ROBERT E. KIRSCHMAN, JR.
        Director

        /s/Kenneth M. Dintzer
        KENNETH M. DINTZER
        Assistant Director

        /s/Stephanie A. Fleming
        STEPHANIE A. FLEMING
        Trial Attorney
        Commercial Litigation Branch
        Civil Division
        U.S. Department of Justice
        P.O. Box 480, Ben Franklin Station
        Washington, DC 20044
        Telephone: (202) 616-0170
        Facsimile:  (202) 305-2062
        Stephanie.Fleming@usdoj.gov

Dated: June 8, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 8th day of June, 2020, I send a copy of this ANSWER to the plaintiff by way of electronic mail.

/s/Stephanie A. Fleming
STEPHANIE A. FLEMING
